FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA

2006 DEC 14  PM 3: 09

[signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DONNA J. MARTIN,

    Plaintiff,

v.

JOHN E. POTTER,
POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

    Defendant.

Civil Action No. 5:06-CV-159 (DF)

## STIPULATED PROTECTIVE ORDER REGARDING THE PRIVACY ACT

The parties to this action believe that discovery in this Title VII case will require examination of certain personnel files of employees of the United States Postal Service, which files may contain information relevant to issues in this case. Since Privacy Act[1] considerations apply here, the Parties seek the Court's approval and direction in the form of a Protective Order to allow access to and limited use of said personnel files. Therefore, he parties, through their counsel, hereby stipulate and agree, subject to the approval of this Court as follows:

**I.     Relevant Documents and Data Compilations Covered by the Privacy Act:**

1.     Defendant has in his custody, control, or possession a quantity of documents and data compilations that may be relevant to this litigation and that contain information about individuals that is covered by the Privacy Act, as codified at 5 U.S.C. § 552a.

---

[1] As codified at 5 U.S.C. § 552a

2. Moreover, the parties expect that anticipated discovery in this litigation may involve other information subject to the Privacy Act.

3. As defined in 5 U.S.C. § 552a(a)(4), Privacy Action information includes "any items, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, education, financial transactions, medical history, and criminal or employment history and that contains name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph."

## II. Requirement for a Protective Order

4. Pursuant to implementing regulations, only limited information about federal employees is available to the public. *See* 5 C.F.R. 293.311; 32 C.F.R. § 310.41.

5. Violations of the Privacy Act are subject to criminal penalties. *See* 5 U.S.C. § 552a(i).

6. The Privacy Act and implementing federal regulations and instructions bar defendant from disclosing information which may otherwise be relevant to this litigation absent a Court Order under 5 U.S.C. § 522a(b)(11). *See also* 5. C.F.R. §§ 297.401(k) and 297.402 (OPM); 32 C.F.R. § 310.41(1) (DOD); and 32 C.F.R. § 720.30 (Navy).

## III. Authorization for Defendant to Produce Information Subject to the Privacy Act.

7. The parties agree that this Stipulated Protective Order (hereinafter "Order") be construed solely to authorize the defendant, the Postmaster General, to comply with his discovery obligations under the Federal Rules of Civil Procedure, whether in terms of initial

disclosure obligations or in terms of discovery responsive to any subsequent requests by plaintiffs. Thus, no other privilege or other grounds for objection to production that are or may be possessed by the defendant are affected by this Order.

8. Accordingly, notwithstanding the provisions of the Privacy Act, in connection with the discovery and trial proceedings in this action, the defendant may designate any document, thing, material, testimony, or other information derived therefrom, as "Privacy Act Information" under the terms of this Order.

9. The defendant shall not be required to provide notice to any third party of Privacy Act Information provided to plaintiff's pursuant to the terms of this Order.

## IV. Limitations on the Distribution and Use of Privacy Act Information Subject to this Order:

10. Privacy Act Information produced pursuant to this Order may be disclosed by plaintiff only to the following:

(1) The named plaintiff, her counsel of record, persons in the employ of counsel of record and under counsel's direct supervision, and to the Court.

No further disclosures may be made by plaintiff absent further order of this Court.

11. Plaintiff shall keep in strict confidence all documents or information identified in accordance with this Order. No person given access to materials or information subject to this Order by plaintiff shall make public disclosure of those materials or information without further order of the Court. Furthermore, any use of these documents and information by plaintiff shall be exclusively in connection with this litigation and for no other purpose.

12. Any person given access to information subject to this order shall be informed by plaintiff's counsel that it is Privacy Act Information and subject to non-disclosure order to this Court. Plaintiff's counsel shall maintain a listing of all persons given access to the information covered by this order and shall require all such persons to read this order and to sign and date non-disclosure agreements, with a copy of this order attached to each such agreement. Plaintiff is not required to provide defendant either the listing of persons given access or copies of the non-disclosure agreement unless so directed by subsequent order of this Court.

13. This Order shall be without prejudice to the right of either party to bring before the Court at any time the question of whether any particular document or information is subject to the Privacy Act so that its use should be restricted or to present a motion for the Court under Rule 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

14. This Order is entered solely for the purpose of facilitating the production of documents and information from the defendant to the plaintiff without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of the Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by the defendant or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party to the absence thereof.

15. Neither the United States Department of Justice, the United States Postal Service, nor any of their officers, employees, or attorneys shall bear any responsibility or liability for any

unauthorized disclosure of any documents obtained by Plaintiff's counsel under this Order, or of any information contained in such documents.

## V. Procedures for Filing Privacy Act Information with the Court:

16. Documents that have been identified in accordance with this Order may be submitted by all parties to this Court. But, if a party files any information subject to this order, the information must be filed pursuant to the filing-under-seal procedures as specified by the Clerk of the Court or other procedures that may be specified by subsequent order of the Court.

## VI. Designation of Privacy Act Information:

17. Documents or materials containing Privacy Act Information shall be so designated by marking the documents or material produced to the plaintiff with the legend "PRIVACY ACT INFORMATION." Marking the legend "PRIVACY ACT INFORMATION" on the cover of any multi-page document or electronic media containing multiple documents, shall designate all pages of the document or portions of the Compact Disk as Privacy Act Information, unless otherwise indicated by the producing party.

18. Failure of the defendant to properly designate Privacy Act Information when produced to plaintiff shall not be deemed to constitute a waiver of the Privacy Act nature of the information. Defendant shall notify plaintiff of any corrections required to the designation of Privacy Act Information. If plaintiff determines that they have received Privacy Act information that was not designated as such, plaintiff shall treat such information as if it had been properly designated and shall notify defendant of any corrections required to the

designation of the Privacy Act information.

### VII. Reasonable Safeguards to Prevent Inadvertent or Unauthorized Disclosure:

19. Plaintiff shall afford Privacy Act information reasonable safeguards to prevent inadvertent or unauthorized disclosure of record content during processing, storage, transmission, and disposal. The reasonable safeguards established by plaintiff shall use the safeguarding procedures defined by 5 C.F.R. §§ 293.106 and 293.107 as guidelines.

20. Plaintiff shall require any experts, consultants, or other firms employed for assistance in this litigation to afford Privacy Act information reasonable safeguards to prevent inadvertent or unauthorized disclosure of record content during processing, storage, transmission and disposal. The reasonable safeguards established by such individuals or organizations shall use the safeguarding procedures defined by 5 C.F.R. §§ 293.106 and 293.107 as guidelines. Moreover, all such individuals or organizations shall be required to comply with this Order in its entirety.

### VIII. Use of Privacy Act Information at Argument, Hearings and Trial:

21. The procedures for use of Privacy Act Information at arguments, hearing, and trial will be the subject of a subsequent order of the Court.

### IV. Return of Information at Conclusion of Proceedings:

22. The documents, things, or information identified as "PRIVACY ACT INFORMATION", and all copies of such material, shall be destroyed or returned to defendant's counsel within 60 days of the conclusion of this litigation, including any appeals. If the documents are destroyed, plaintiff's counsel shall so notify defendant's counsel in writing.

SO STIPULATED, this 13th day of December, 2006.

/s/ Michael T. McCulley
*by Robert D. McCullers w/express permission*
Georgia Bar No. 486989
Attorney for Plaintiff

Adam J. Conti, LLC
6100 Lake Forrest Drive, N.W., Suite 435
Atlanta, Georgia 30328-3887
Telephone: (404) 531-0701
Facsimile: (404) 531-0082
E-mail: mmcculley@contilaw.com

MAXWELL WOOD
UNITED STATES ATTORNEY

By:   /s/ Robert D. McCullers
Assistant United States Attorney
Georgia Bar No. 486976
United States Attorney's Office
Middle District of Georgia
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 621-2730
Fax: (478) 621-2737
E-mail: Robert.McCullers@usdoj.gov

I certify that the originally executed document contains the signatures of all filers indicated herein and therefore represents consent for filing of this document.

/s/ Robert D. McCullers
Assistant United States Attorney

**APPROVED AND SO ORDERED** this 14 day of Dec., 2006.

Duross Fitzpatrick, Judge
United States District Court